UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME FRANCIS JONES, #137654,

        Plaintiff,                CASE NO. 2:15-cv-14472

v.                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

MITCH PERRY and
CHIEF PROSECUTING ATTORNEY
JERROLD E. SCHROTENBOER,

        Defendants.
_____/

**OPINION AND ORDER
(1) DENYING PLAINTIFF'S MOTION TO WAIVE
COURT FEES AND COSTS (Dkt. #2),
(2) DISMISSING THE COMPLAINT (Dkt. #1), AND
(3) DENYING PLAINTIFF'S MOTION FOR BOND (Dkt. #3)**

This matter recently came before the Court on plaintiff Jerome Francis Jones' *pro se* complaint, motion to waive court fees and costs, and motion for bond. Plaintiff is confined at the Lenawee County Jail in Adrian, Michigan. The defendants are a prison warden named Mitch Perry and a Jackson County prosecuting attorney named Jerrold E. Schrotenboer.[1]

---

[1] Although Plaintiff has spelled this defendant's surname "Schrontenboer," or something similar, the correct spelling is "Schrotenboer." *See* Mr. Schrotenboer's Appearance in *Jones v. Perry*, No. 15-11426, Dkt. #8 (E.D. Mich. June 24, 2015).

1

The complaint appears to challenge Plaintiff's drug conviction in Jackson County, Michigan on the basis that defendant Schrotenboer committed prosecutorial misconduct during the proceedings. In addition, Plaintiff appears to allege that defendant Schrotenboer committed a fraud on the Court by signing his name improperly on a responsive pleading that he filed in Plaintiff's habeas corpus case, which is pending in this District. *See Jones v. Perry*, No. 4:15-cv-11426 (E.D. Mich. 2015).[2]

A threshold question is whether Plaintiff may proceed without prepayment of the fees and costs for this action. Plaintiff alleges in his motion to waive court fees and costs that he is indigent and that he cannot afford to pay the filing fee for this case.

A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915).

> But a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915(g)

*Id.*

An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This "exception is essentially a pleading

---

[2] Although Plaintiff typed the case number for his federal habeas corpus case on the documents in this case, it appears from his use of the word "complaint" in his pleading and the fact that he filed a motion to waive the filing fee that he intended to file a separate action against the defendants.

requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011).  "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

Three of Plaintiff's prior complaints were dismissed as frivolous.  *See  Jones v. McGinnis, et al.*, No. 1:96-cv-00504 (W.D. Mich. July 18, 1996); *Jones v. Allmon, et al.*, No. 5:96-cv-00127 (W.D. Mich. Aug. 26, 1996); and *Jones v. Roberts, et al.*, No. 5:96-cv-00121 (W.D. Mich. Nov. 1, 1996).  In still another case, a federal judge in the Western District of Michigan informed Plaintiff that he could not proceed *in forma pauperis* because he has three "strikes" under 28 U.S.C. § 1915(g).  *See Jones v. German, et al.*, No. 2:97-cv-00278 (W.D. Mich. Jan. 13, 1998).

As a result of Plaintiff's three "strikes," he may not proceed without prepayment of the fees and costs for this action unless he was in "imminent danger of serious physical injury" when he filed his complaint.  28 U.S.C. § 1915(g).  He did not allege that he was facing a real and proximate threat of serious physical injury when he filed his complaint, and nothing in the complaint suggests that he was.  Thus, Plaintiff may not proceed without prepayment of the filing fee for this action.

Accordingly, the Court denies Plaintiff's motion to waive court fees and costs (Dkt. #2) and summarily dismisses his complaint (Dkt. #1) without prejudice pursuant to 28 U.S.C. § 1915(g).  The Court denies as moot Plaintiff's motion for release on bond

(Dkt. #3).  Finally, the Court certifies that an appeal from this order could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2016.

s/Deborah Tofil
Deborah Tofil
Case Manager (313)234-5122