UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME FRANCIS JONES, #137654,

        Plaintiff,        CASE NO. 2:15-cv-14472

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

MITCH PERRY and
CHIEF PROSECUTING ATTORNEY
JERROLD E. SCHROTENBOER,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT** (ECF No. 11)
**DENYING PLAINTIFF'S MOTION FOR A
CERTIFICATE OF APPEALABILITY** (ECF No. 14), **AND
DENYING PLAINTIFF'S APPLICATIONS TO PROCEED WITHOUT
PREPAYMENT OF APPELLATE FEES AND COSTS** (ECF Nos. 13 and 19)

      On December 8, 2015, plaintiff Jerome Francis Jones commenced this action by filing a *pro se* "motion of complaint," a motion to waive court fees and costs, and a motion for bond. Plaintiff was confined at the Lenawee County Jail in Adrian, Michigan at the time. He is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. The defendants are a prison warden named Mitch Perry and a Jackson County prosecuting attorney named Jerrold E. Schrotenboer.

      Upon review of the complaint, the Court determined that Plaintiff was challenging his Jackson County convictions on the basis that the prosecutor committed misconduct. Plaintiff also appeared to allege that defendant Schrotenboer committed fraud by signing

his name improperly on a responsive pleading that he filed in Plaintiff's habeas corpus case, which is pending before another judge in this District. *See Jones v. Perry*, No. 4:15-cv-11426 (E.D. Mich. 2015). Although Plaintiff typed the case number for his habeas case on his pleading, he labeled the pleading a complaint, and the Clerk of the Court treated his pleading as a new civil rights case. The case was given a number and assigned to this Court.

On January 13, 2016, the Court denied Plaintiff's motion to waive court fees and costs and dismissed the complaint under the "three strikes" rule of 28 U.S.C. § 1915(g), because three of Plaintiff's previous complaints were dismissed as frivolous.[1] *See* ECF No. 5. On March 21, 2016, Plaintiff filed a motion for relief from judgment, a notice of appeal, an application to proceed without prepayment of the appellate fees and costs, and a motion for a certificate of appealability. *See* ECF Nos. 11-14. Finally, on April 4, 2016, Plaintiff filed a second application to proceed without prepayment of the appellate fees and costs.

A certificate of appealability generally is needed only in habeas corpus proceedings or proceedings brought under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1). A certificate of appealability is not needed in a civil rights case. *Johnson v. CCA-Northeast Ohio Corr. Center Warden*, 21 F. App'x 330, 332 (6th Cir. 2001). Accordingly, Plaintiff's motion for a certificate of appealability (ECF No. 14) is denied as moot.

---

[1] Under 28 U.S.C. § 1915(g), a prisoner may not bring an action *in forma pauperis* if he or she "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff's applications to proceed without prepayment of the appellate fees and costs (ECF Nos. 13 and 19) are DENIED because three of Plaintiff's previous complaints were dismissed as frivolous. A prisoner may not appeal a judgment *in forma pauperis* if, on three or more prior occasions, a prisoner brought a federal action or appeal that was dismissed as frivolous. 28 U.S.C. § 1915(g). The Court notes, moreover, that the Court of Appeals has already dismissed Plaintiff's appeal as untimely. *See Jones v. Perry, et al.*, No. 16-1353 (6th Cir. May 10, 2016) (unpublished).

Finally, Plaintiff's motion for relief from judgment must be denied because it challenges Plaintiff's state convictions and sentence. The sole federal remedy for a state prisoner's challenge to the fact or duration of physical imprisonment is a petition for the writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff's pleading was filed as a civil rights complaint and, as noted above, Plaintiff already has a habeas corpus case pending in this District. He should raise any claims regarding his convictions and sentence in his habeas case, not this case. Accordingly, the motion for relief from judgment (ECF No. 11) is denied.

Dated: MAY 1 3 2016

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE